# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| PAUL LOUIS ADKINS, JR.,        ) | |
|                               ) | |
|            Plaintiff,     ) | |
|                               ) | |
|     v.                     ) | Civil Action No. 3:10CV60–HEH |
|                               ) | |
| MICHAEL J. ASTRUE,         ) | |
| Commissioner of Social Security,   ) | |
|                               ) | |
|            Defendant.     ) | |

## MEMORANDUM OPINION

This is an action contesting the Social Security Administration ("SSA")'s denial of Disability Insurance Benefits and Supplemental Security Income payments. It is presently before the Court on the Report and Recommendation of the Magistrate Judge ("R&R") concerning the parties' cross motions for summary judgment and Plaintiff's motion to remand. For the reasons stated below, the R&R will be adopted; Plaintiff's motions for summary judgment and for remand will be denied; Defendant's motion for summary judgment will be granted; and the Commissioner's denial of benefits will be affirmed.

## I. BACKGROUND

On November 16, 2007, Plaintiff filed a claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging disability due to bipolar disorder; anxiety disorder with intermittent explosive disorder; obesity; learning disabilities; a borderline-retarded IQ; agoraphobia; and low back pain. The SSA denied

Plaintiff's claims in the first instance and upon reconsideration.[1]  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

In a decision issued on August 6, 2009, the ALJ employed the five-step sequential analysis required by federal regulations,[2] and concluded that Plaintiff did not qualify for disability benefits.  First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset of his disability on June 30, 2006.  At steps two and three, the ALJ concluded that Plaintiff suffered from the severe impairments of affective disorder and anxiety disorder, but that these impairments did not meet or equal any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Fourth, the ALJ determined that Plaintiff lacked any past relevant work experience.[3]  He concluded that Plaintiff had the residual functional capacity ("RFC")[4] to perform a full range of work at all exertional levels, with the nonexertional limitation that he was limited to "simple unskilled work in positions that do not require contact with the general public."  (R. 15.)

Because the ALJ found that Plaintiff has no past relevant work, the ALJ proceeded to step five.  Step five required the ALJ to determine whether Plaintiff, in light of his age, education, experience, and RFC, is capable of adjusting to other work that is available in

---

[1] Agencies of the state government generally make initial disability determinations. *See* 20 C.F.R. pt. 404, subpt. Q.  Subsequent proceedings, including hearings before Administrative Law Judges ("ALJs"), are conducted by personnel of the SSA. *See id.*

[2] *See* Part III, *infra*, for a discussion of the five-step evaluation process.

[3] "Work experience" is defined as substantial gainful activity in the past fifteen years that lasted long enough for an individual to learn the basic job functions involved. 20 C.F.R. §§ 404.1565(a), 416.965(a).

[4] RFC is "an assessment of an individuals' ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling ("SSR") 96-8p, 1996 SSR LEXIS 5, at *1 (July 2, 1996).

significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)(4), 404.1520(a)(4); *see also* § 404.1566 (explaining work which exists in the national economy). The ALJ found that Plaintiff's "ability to perform work at all exertional levels has been compromised by nonexertional limitations." (R. 18.) However, the ALJ concluded that "these limitations have little or no effect on the occupational base of unskilled work at all exertional levels," and thus the framework of section 204.00 in the Medical-Vocational Guidelines warranted a finding of "not disabled." (*Id.*) The SSA Appeals Council denied Plaintiff's subsequent request for review, and the ALJ's denial of benefits therefore became a final agency decision, subject to judicial review.

On February 9, 2010, Plaintiff filed suit in this Court seeking review of the Commissioner's decision. Both parties filed motions for summary judgment. In the alternative, Plaintiff seeks remand.

In a R&R entered on September 28, 2010, the Magistrate Judge concluded that the Commissioner applied the correct legal standard and that his decision was supported by substantial evidence in the record. Accordingly, the Magistrate Judge recommended that Plaintiff's motions for summary judgment and remand be denied; Defendant's motion be granted; and the Commissioner's decision be affirmed. Plaintiff objects to the R&R on the ground that the Commissioner was required to utilize a Vocational Expert ("VE") at step five of the sequential analysis.

## II. STANDARD OF REVIEW

The Court reviews *de novo* any part of the Magistrate Judge's Report and Recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C); Fed.

R. Civ. P. 72(b)(3). A reviewing court may accept, reject, or modify, in whole or part, the Magistrate Judge's recommended disposition. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3)

When reviewing a denial of benefits by the Commissioner pursuant to 42 U.S.C. § 405(g), the Court must accept the Commissioner's findings of fact if they are supported by substantial evidence and were reached by applying the correct legal standard. *Hines v. Barnhart*, 453 F.3d 559, 561 (4th Cir. 2006). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). In other words, substantial evidence requires more than a scintilla, but less than a preponderance of the evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). In determining whether substantial evidence exists, the Court must consider the record as a whole. *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991), *superseded on other grounds*, 20 C.F.R. § 404.1527. The Court may not, however, weigh conflicting evidence, evaluate the credibility of evidence, or substitute its judgment for the Commissioner's findings. *Mastro*, 270 F.3d at 176. In short, if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Johnson*, 434 F.3d at 653.

## III. ANALYSIS

In order to determine a claimant's eligibility for DIB and SSI, an ALJ conducts a five-step sequential evaluation on behalf of the Commissioner. 20 C.F.R. §§ 416.920,

404.1520. Specifically, the ALJ considers whether an applicant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) is capable of performing his or her past relevant work; and (5) is, in light of his or her age, education, experience, and RFC, capable of adjusting to other work that is available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)(4), 404.1520(a)(4). If the analysis at any step directs a finding that the claimant is or is not disabled, the inquiry ends and the ALJ will not proceed to the next step. *Id.* Although the claimant bears the burden on steps one through four, the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

In order to help standardize determinations at step five, the SSA has established a series of grids ("the Grids"), which are found at Appendix 2 of Title 20, Part 404, Subpart P of the Code of Federal Regulations. The Grids essentially "take administrative notice of the availability of job types in the national economy for persons having certain characteristics, namely age, education, previous work experience, and residual function capacity." *Grant v. Schwieker*, 699 F.2d 189, 191–92 (4th Cir. 1983). However, the Grids consider only the exertional components—*i.e.*, those relating to strength and physical abilities—of the claimant's disability. *Id.* at 192. They do not account for nonexertional limitations. *Id.*

Because the Grids do not account for nonexertional limitations, the Grids are not conclusive when a claimant's impairment is, at least in part, nonexertional. *Id.*

Accordingly, the Fourth Circuit has held that if the claimant's nonexertional impairments limit the range of jobs available to a person with the claimant's exertional capabilities, then the Commissioner "must produce a vocational expert to testify that the particular claimant retains the ability to perform specific jobs which exist in the national economy." *Id.*

However, the Fourth Circuit has clarified that:

> not every nonexertional limitation or malady rises to the level of a nonexertional impairment, so as to preclude reliance on the grids. The proper inquiry under *Grant* is whether the nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable.

*Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989) (internal citation omitted).

In this case, Plaintiff does not suffer from any physical impairments. (*See* R. 13.)[5] He therefore has the RFC to perform work at all exertional levels ranging from "sedentary work" through "very heavy work." (*See* R. 13, 15); 20 C.F.R. § 404.1567 (explaining exertional classifications).

The ALJ found that this expansive occupational base is limited in only two respects in Plaintiff's case: First, because Plaintiff lacks any past relevant work, he is limited to simple, unskilled work. (R. 15.) Second, because of his affective and anxiety disorders, Plaintiff is limited to "work in positions that do not require contact with the general public." (*Id.*) Based on Social Security Rulings 83-10, 83-11, 83-12, 83-14, and

---

[5] The Magistrate Judge rejected Plaintiff's argument that the ALJ failed to properly consider his obesity. (*See* R&R 14.) Plaintiff has not objected to this conclusion, which this Court fully adopts.

83-15, the ALJ concluded that these limitations do not significantly erode Plaintiff's occupational base. (R. 18.) Substantial evidence supports that determination.

## A. Unskilled Work

"Unskilled" work is that which "needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 416.968(a); SSR 83-10, 1983 SSR LEXIS 30, at *18. "The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting." SSR 85-15, 1985 SSR LEXIS 20, at *11.

The medical evidence in this case revealed that Plaintiff is capable of maintaining attention for at least brief periods of time; is intellectually capable of performing simple, routine, repetitive tasks; has no indications of psychotic symptoms that would cause interruptions in a work routine; can work cooperatively with others without distracting them or behaving in an unacceptable manner; is capable of making basic decisions; and that his basic memory processes are in tact. (R. 16–17, 201–07, 209–29, 279.) These facts provide substantial evidence to support the ALJ's determination that Plaintiff is capable of performing unskilled work.

"[U]nskilled jobs . . . . generally provide substantial vocational opportunity for persons with solely mental impairments who retain the capacity to meet the intellectual and emotional demands of such jobs on a sustained basis." SSR 85-15, 1985 SSR LEXIS 20, at *12. The critical issue, then, is whether substantial evidence supports the ALJ's

determination that Plaintiff's limitation to work in positions which do not require work with the general public did not significantly erode this occupational base.

## B. Work in Positions Which Do Not Require Contact with the General Public

In order to account for the behavioral and distractibility issues noted by Dr. Tipton, the ALJ limited Plaintiff's RFC to work in positions that do not require contact with the general public.[6] Plaintiff contends that, in light of this nonexertional limitation, the Commissioner was required under *Grant* to produce vocational expert testimony. (Pl.'s Objections 1–2 (citing *Grant v. Schwieker*, 699 F.2d 189, 192 (4th Cir. 1983).)

Plaintiff fails to recognize, however, that "[u]nskilled jobs 'ordinarily involve dealing primarily with objects, rather than with data or people.'" SSR 85-15, 1985 SSR LEXIS 20, at *12. Accordingly, Plaintiff's limitation to positions that do not require contact with the general public had little effect on Plaintiff's occupational base of unskilled work at all exertional levels. Several courts in this division have held that VE testimony was unnecessary under similar circumstances. *See, e.g.*, *Cheeks v. Astrue*, No.

---

[6] Specifically, Dr. Tipton found that Plaintiff "would likely have some difficulty at times maintaining attendance at a workplace particularly if it involved working around people because of his agoraphobia, . . . some obsessive rumination would likely cause some distractibility at times," and "[h]is reported history of anger management control could interfere at times with [h]is ability to accept instructions from a supervisor." (R. 16.) While reasonable minds could differ about whether such shortcomings warranted additional limitations, the Court's role at this juncture is simply to determine whether substantial evidence supports the Commissioner's conclusion. *See Johnson*, 434 F.3d at 653. Considering the limitations noted by Dr. Tipton in conjunction with Plaintiff's "flagrant exaggeration" of his symptoms and his daily activities of shopping, driving, cooking, cleaning, and occasional socialization with his neighbor and girlfriend's brother, this Court finds that substantial evidence supports the ALJ's decision not to impose further limitations on Plaintiff's RFC. (*See* R&R 11.) To the extent that Plaintiff implicitly objects to the ALJ's RFC determination (*see* Pl.'s Objections 1 (noting that "the Commissioner cannot claim to have addressed" the limitations noted by Dr. Tipton "by a simple finding that the claimant is limited to unskilled work"), such objection will be overruled.

3:09CV171, 2010 U.S. Dist. LEXIS 65485, at *15 (E.D. Va. June 30, 2010); *Black v. Astrue*, No. 3:09CV599, 2010 U.S. Dist. LEXIS 55094, at *20 (Apr. 26, 2010), *adopted* 2010 U.S. Dist. LEXIS 55149 (E.D. Va. June 3, 2010). *But cf.* SSR 85-15, 1985 SSR LEXIS 20, at *12–13 (providing contrasting example of circumstances in which inability to work with public might warrant award of disability benefits).

In short, where a claimant's "nonexertional limitations have a minimal effect on his exertional occupational base, then a finding directed by the Grids is sufficient, and testimony by a VE is unnecessary." *Boland v. Astrue*, No. 3:08CV798, 2009 U.S. Dist. LEXIS 69095 (E.D. Va. Aug. 7, 2009). Because substantial evidence in the record supports the ALJ's finding that Plaintiff is capable of performing work that is available in significant numbers in the national economy, the Commissioner's denial of benefits must be affirmed.

## IV. CONCLUSION

For the reasons stated above, the R&R will be adopted; Plaintiff's motions for summary judgment and for remand will be denied; Defendant's motion for summary judgment will be granted; and the Commissioner's decision will be affirmed.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Feb 10 2011
Richmond, VA

9